ORIGINAL

D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

ARAM YEGORYAN and ZARA
YEGORYAN,

                      Plaintiffs,

      -against-

AMTRAK, NATIONAL RAILROAD
PASSENGER CORPORATION, and
CARLOS R. MORALES,

                    Defendants.

--------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 08-CV-1308 (FB)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 14 2008 ★

BROOKLYN OFFICE

*Appearances:*
*For the Plaintiffs:*
DEBRA J. MILLMAN, ESQ.
302 Fifth Avenue, 8th Floor
New York, NY 10038

*For Defendant Amtrak:*
RONALD E. JOSEPH, ESQ.
Landman Corsi Ballaine & Ford
120 Broadway
New York, NY 10271

**BLOCK, Senior District Judge:**

        Plaintiffs Aram Yegoryan and Zara Yegoryan ("Plaintiffs") move for entry

of default judgment against defendant Carlos R. Morales ("Morales"). Because, after being

duly served, Morales has failed to respond to the complaint or otherwise defend against

the action, *see* Clerk's Notation of Default dated September 18, 2008, Plaintiffs' motion for

default judgment against Morales is granted.

        On February 28, 2008, Plaintiffs commenced this action by filing a summons

and verified complaint in Queens County Supreme Court. "Leave and mail" service, *see*

N.Y. C.P.L.R. 308(2), was effected on Morales: a copy of the summons and complaint was

left with a relative at his dwelling on March 18, 2008, and another copy was mailed to him

the following day. *See* Aff. of Service, Docket Entry #7. Amtrak removed the case on March 31, 2008.[1] Plaintiffs moved for default judgment against Morales on September 17, 2008.

The complaint alleges that the motor vehicle driven by Morales during the course of his work as an employee of Amtrak collided with the vehicle Aram Yegoryan was driving and that the latter's injuries were caused by Morales's negligence. The complaint also includes a cause of action on behalf of Zara Yegoryan, Aram Yegoryan's wife, for the loss of her husband's "comfort, companionship, and services." Compl. ¶ 63.

Before addressing the merits of a litigant's claims, the court must satisfy itself that it has subject matter jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (citing cases) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1349 because Amtrak is a corporation created by an act of Congress and more than one-half of its stock is owned by the United States. *See Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp 919, 924 (S.D.N.Y. 1995) ("[T]he law is well-settled that federal courts have federal question jurisdiction over suits by or against Amtrak . . . .").

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to

---

[1] The National Railroad Passenger Corporation does business under the name "Amtrak." Plaintiffs seem to be unaware that "Amtrak" and the "National Railroad Passenger Corporation" refer to the same entity, or at least Plaintiffs were so unaware at the time the complaint was drafted.

constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

Undoubtedly, negligent operation of a motor vehicle is a basis for tort liability in New York. The complaint alleges that Morales was "careless, reckless, and negligent" in his operation of the motor vehicle and that the "injuries to the plaintiff were caused as a result of the carelessness, recklessness, and negligence of the defendants." Compl. ¶ 54. New York also recognizes a cause of action for loss of consortium on behalf of a wife whose husband is injured by another's negligence. *See Millington v. Southeastern Elevator Co.*, 22 N.Y.2d 498 (1968). The complaint alleges that Zara Yegoryan has been required to spend money for "medical treatment and/or care" of her husband. Compl. ¶ 63.

3

## CONCLUSION

Plaintiffs' motion for default judgment is granted on their causes of action for negligence and loss of consortium against Morales. However, since another defendant remains in the case and proceedings regarding the amount of Plaintiffs' damages and their apportioning between the defendants will be necessary if Amtrak is found liable, entry of judgment is stayed pending further proceedings.


**SO ORDERED**.

                                                s/FB

                                        FREDERIC BLOCK
                                        Senior United States District Judge

Brooklyn, New York
October 10, 2008

4