UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
ARAM YEGORYAN and ZARA
YEGORYAN,

        Plaintiffs,                      08 CV 1308 (FB) (ALC)

    v.                                      REPORT AND
                                                  RECOMMENDATION

CARLOS R. MORALES,

        Defendant.
--------------------------------------------------X

CARTER, United States Magistrate Judge:

The above-referenced action was referred to the undersigned for a Report and Recommendation on damages following the Court's (Block, J.) entry of default judgment against defendant Carlos Morales ("Defendant" or "Morales"). Based on the submissions of plaintiffs Aram Yegoryan and Zara Yegoryan ("Plaintiffs"), and for the reasons stated below, the Court recommends (1) awarding Aram Yegoryan $1.00 in nominal damages and (2) awarding Zara Yegoryan $1.00 in nominal damages.

## BACKGROUND

Plaintiffs filed this action in the Supreme Court of Queens County against National Railroad Passenger Corporation ("Amtrak") and Morales following an automobile accident in which Aram Yegoryan ("Yegoryan") was injured by Morales' allegedly negligent operation of a vehicle owned by Amtrak. The action was removed to this district by Amtrak, with whom Plaintiffs have since settled. (Docket No. 22 (letter from Plaintiffs' counsel reporting distribution of settlement funds).) Morales failed to appear in this action and, accordingly, a default judgment was entered against him. Plaintiffs' counsel requested an inquest on damages

1

and, on September 14, 2009, was ordered to file a written inquest submission by October 19, 2009, including documentation in support of Yegoryan's claim of negligence and Zara Yegoryan's loss of consortium claim.

Plaintiffs submission consisted of a letter from counsel listing Yegoryan's alleged physical injuries and demanding $50,000; a document that appears to be a police report dated December 22, 2007; doctors' reports from Elmhurst Hospital Center dated December 24, 2007 (the "Hospital Records"); and purported Magnetic Resonance Imaging ("MRI") results from Lenox Hill Radiology & Medical Imaging Associates. (Docket No. 23.) The injuries alleged in the letter from Yegorian's counsel are "Partial Tear of the Lateral Collateral Ligament of the Left Knee (No Surgery Required); Laceration of the Right Eyebrow Requiring Six Sutures; Laceration of the Right Cheek Requiring Seven Sutures; Laceration of the Nose Requiring Seven Sutures; Posterior Disc Bulges at C 5-6 and C 6-7; and Posterior Disc Herniation at LS- SI." (Id. at 1-2.)

The unauthenticated Hospital Records, however, indicate that Yegoryan suffered "multiple facial lacerations," but "no myalgia, muscle weakness, joint pain or back pain" and that he was capable of a "normal range of motion in all four extremities." (Id. at 5-6.) According to these documents, his pain level at the time of discharge rated 0 of 10. (Id. at 10.) The results of two MRIs taken on June 26, 2008, approximately six months after the accident, indicate "thickness in the tear of the lateral collateral ligament" in his left knee. (Id. 12.) An MRI of Yegoryan's cervical spine revealed disc bulges. In the lumbar spine, herniation was noted, although his discs were of normal height and the marrow and conus medullaris were also normal. (Id. at 13-14.)

Beyond these reports, the only evidence of damages proffered by Plaintiffs is an affidavit submitted in support of their motion for default judgment. (Docket No. 12.) In it, Yegoryan affirms that his "doctors have sent [him] for various tests and have concluded on the basis of same that [he has] sustained multiple injuries to [his] head, neck, back and knees, as a result of this accident."[1] (Id. ¶ 7.) He claims to require continuous treatment and asks the Court to "grant [his] attorney's motion in its entirety." (Id. ¶ 11.) There is no evidence of unpaid medical bills or lost wages, no specific allegations of pain and suffering and no reference to any changes in the relationship between him and Zara Yegoryan.

At the June 29, 2010 conference before the undersigned, Plaintiffs were again directed to submit documentation sufficient to determine damages. To date, no supplemental documentation has been filed.

## DISCUSSION

In evaluating a motion for default judgment pursuant to Federal Rule of Civil Procedure 55, the Court must accept as true the well-pleaded allegations in the complaint. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-5 (2d Cir. 1999). The same is not true with respect to damages. "[T]he district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." House v. Kent Worldwide Machine Works, Inc., No. 09 CV 146, 2010 WL 10020, at * 1 (2d Cir. Jan. 4, 2010). "The quantum of damages [is] to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Proof of damages must therefore be based on admissible, authenticated evidence. House, 2010 WL 10020, at *1 (collecting cases).

---

[1] Curiously, Yegoryan's affidavit provides a different date and location of the accident than those alleged elsewhere in the pleadings. (Compare Complaint ¶¶36-42 with Yegoryan Aff. ¶¶3-4.)

In this case, Plaintiffs' woefully inadequate submissions fall short of what is required to determine appropriate damages with any indicia of accuracy. See, e.g., House 2010 WL 10020 at *3-4 (pain and suffering provable through actuarial tables and type and intrusiveness of medical procedures required); Gottesman v. Ashdod, No. 00 CV 5139 (JSM)(RLE), 2003 WL 21383819, at *2 (S.D.N.Y. June 11, 2003) (determining amount of damages for pain and suffering by reference to, inter alia, limitation of plaintiff's life activities, ability to participate in sports, need for pain management treatment, and physical therapy); Hinkley v. Westchester Rubbish, Inc., No. 04 CV 189 (SCR)(GAY), 2006 WL 2849841, at *4 (S.D.N.Y. Oct. 2, 2006) (damages computed based on, inter alia, plaintiff's total disability, physical limitation, cognitive deficits and ongoing emotional trauma); see also Rangolan v. County of Nassau, 370 F.3d 239, 247 (2d Cir. 2004) ("The essence of recovery for loss of [consortium] is to compensate for the loss of such elements as love, companionship, affection, society, sexual relations, solace and more."); (citing Millington v. Southeastern Elevator Co., 239 N.E.2d 897, 502 (N.Y. 1968); and Briggs v. Julia L. Butterfield Mem. Hosp., 479 N.Y.S.2d 758, 758 (N.Y. App. Div. 1984).)

Yegoryan's affidavit alleges neither lost wages nor outstanding medical bills (which are not difficult to prove), and neither the Hospital Records nor MRI reports have been authenticated. See House, 2010 WL 10020, at *1 ("The failure of counsel to adhere to [the] simple directive to provide affidavits asserting that the documents were what they purported to be is inexcusable."). Even if true, the reports contain facts suggesting that damages are minimal, such as Yegoryan's pain rating of 0 on a 1-10 scale upon discharge from the hospital and largely "unremarkable" MRI results. However, the Court need not rest this decision on its lay perception of Yegoryan's medical reports, because the utter absence of admissible proof prevents Plaintiffs' recovery of anything more than nominal damages. See Century 21 Real Estate, LLC

v. Raritan Bay Reality, Ltd., No. 07 CV 1455, 2008 WL 4190955, at *8 (E.D.N.Y. Sept. 3, 2008) (conclusory allegation of loss "entirely insufficient" to craft damages award).

"The purpose of an award of damages in a personal injury case is to restore the aggrieved party to the position that she held prior to the injury." Gottesman, 2003 WL 21383819, at *2. Here, the Court has no way of determining the extent of the remedy required, not only due to the lack of evidence in the record, but also because of Amtrak's satisfaction of its settlement with Plaintiffs. Cf. Whalen v. Kawasaki Motors Corp., 703 N.E.2d 246, 248 (N.Y. 1998) (double recovery to be avoided); see also Century 21, 2008 WL 4190955, at *15 (awarding nominal damages where plaintiff "demonstrably able to provide . . . building blocks of its damages case" yet failed to do so).

Plaintiffs have been given multiple opportunities to supplement the record for nearly a year and have done so quite flimsily. Since they did not see fit to provide proof of a type useful to the Court, their contentions need not detain us any further. The Court recommends an award of damages in the amount of $1 for Yegoryan's negligence claim and $1 for Zara Yegoryan's loss of consortium claim, for a total of $2.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation. Such objections shall be filed on ECF. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

DATED: September 10, 2010             _____s/_____
       Brooklyn, New York                     Andrew L. Carter, U.S.M.J.